■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALBERGA, Appellant.—Judgment, Supreme Court, New York County, rendered April 30, 1976, convicting defendant of two counts of perjury in the first degree, unanimously reversed, on the law and on the facts, and the indictment dismissed. We are constrained to reverse because of the prosecutorial misconduct practiced herein. The defendant's conviction was built upon a conversation which took place three years before his Grand Jury appearance. The defendant testified that the prosecutor informed him just prior to entering the Grand Jury room that "if I [defendant] did not remember, if I said 'I don't remember', it wouldn't go well with the Police Department". Defendant further described the incident as follows: "And I remember what he said to me, before I went into the Grand Jury room, that if I can't recall, it's not going to go too well with me in the Police Department, with my position. * * * From the time we left my attorney in the hallway to the time we got in the little room before the Grand Jury, you

said to me, 'Remember Jimmy, answers like I don't remember' won't go too good with the Police Department." Such testimony stands unrefuted in the record. Under the circumstances we must conclude that the off-the-record advice or admonition given by the prosecutor to defendant to furnish unequivocal answers lest he suffer at the hands of the department, constituted a violation of prosecutorial standards and an abuse of the Grand Jury process. It should be noted also that, although the conversation which was inquired into had taken place three years prior, the prosecutor made no sincere effort to truly prod the defendant's memory in the hope of refreshing his recollection. For the reasons listed above the conviction should not stand. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.